**6.**
RAFFI KHATCHADOURIAN, ESQ. (SBN 193165)
**HEMAR, ROUSSO & HEALD, LLP**
15910 Ventura Blvd., 12th Floor
Encino, California 91436
Telephone: (818) 501-3800
Facsimile: (818) 501-2985

Attorneys for Movant,
BANK OF AMERICA, N.A., a national association

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| In Re<br><br>MICHELLE STACEY MEYER,<br><br>    Debtor.<br>_____<br>BANK OF AMERICA, N.A., a national association,<br><br>    Movant,<br><br>v.<br><br>MICHELLE STACEY MEYER, Debtor;<br>SHERI L. CARELLO, Chapter 7 Trustee,<br><br>    Respondents. | CASE NO: 19-27401-B7<br><br>DC NO. HRH-1<br><br>CHAPTER 7<br><br>MOTION FOR RELIEF FROM STAY [PERSONAL PROPERTY]<br><br>[Pursuant to 9014-1(f)(1)]<br><br>Hearing:<br>Date:    January 7, 2020<br>Time:    9:30 a.m.<br>Dept.:    B<br>Crtrm:    32, 6th Floor<br>Judge:    Hon. Christopher D. Jaime<br>Address:    501 I Street<br>    Sacramento, CA |

    Movant BANK OF AMERICA, N.A., a national association (hereinafter "Movant") hereby moves the Court for an Order granting relief from the automatic stay under 11 U.S.C. § 362(a) against Debtor and the Chapter 7 Trustee, in the above-captioned Chapter 7 Bankruptcy case to permit Movant and its successors and assigns, to exercise the rights granted under that certain Agreement, Loan Agreement and related documents affecting personal property of the Debtor, as more fully described herein.

    This motion is made and based upon the following facts and circumstances.

///

1

1. At all times herein mentioned, Movant was and now is a National Banking Association duly authorized to conduct business and doing business within California.

2. On or about November 27, 2019, Debtor commenced the above-captioned bankruptcy case by filing a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code").

3. This Court has jurisdiction in this core proceeding pursuant to 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(2)(G). Pursuant to 28 U.S.C. § 1409(a), this proceeding is properly commenced and prosecuted in this Court in which Debtor's Chapter 7 case is pending.

**The Loan #1:**

4. On or about December 31, 2010, Debtor's corporation, BRUNSWICK VETERINARY CLINIC, INC. ("BRUNSWICK"), as Borrower, executed and delivered to Movant a Finance Agreement (hereinafter referred to as "Loan Agreement"). A true and correct copy of said Loan Agreement is attached to the Declaration of Annie Kim as Exhibit "1" and incorporated herein by this reference as though set forth in full. By the express terms of said Loan Agreement, Movant agreed to make a loan for business purposes to BRUNSWICK in the estimated amount of One Million Seventy Five Thousand and 00/100 Dollars ($1,075,000.00) ("Estimated Loan"). Movant further agreed to loan to BRUNSWICK the amount of the actual loan ("Permanent Loan") required by BRUNSWICK for the intended business purposes, as subsequently and finally established and determined. BRUNSWICK promised to pay the Permanent Loan in accordance with the terms of the Loan Agreement and the Final Disbursement, Change and Repayment Schedule (hereinafter referred to as the "Repayment Schedule") to be executed by Movant and BRUNSWICK after determination of the amount of the Permanent Loan.

5. To induce Movant to enter into the above referenced Loan Agreement and extend credit to BRUNSWICK, on or about December 31, 2010, Debtor executed in writing a Guaranty of all of BRUNSWICK's indebtedness to Movant, existing at the time of execution of said Guaranty or thereafter (the "Guaranty"). The Guaranty is incorporated in the Exhibit "1" Loan Agreement, beginning with page 12 thereof, and is incorporated herein by this reference as though set forth in full.

6. Thereafter, on or about January 3, 2011, Movant and BRUNSWICK executed the Repayment Schedule for the Permanent Loan in the principal amount of One Million Seventy Five Thousand and 00/100 Dollars ($1,075,000.00). Pursuant to the terms of the Repayment Schedule, DEBTOR was to repay the principal amount of One Million Seventy Five Thousand and 00/100 Dollars ($1,075,000.00) plus interest thereon at the rate of 7.75% per annum. A true and correct copy of the Repayment Schedule is attached to the Declaration of Annie Kim as Exhibit "2" and incorporated herein by this reference as though set forth in full. The final terms for the Permanent Loan set forth in the Repayment Schedule, were in supplement to and not in replacement of the Loan Agreement, and were merged into and became part of the Loan Agreement. Except as modified by the Repayment Schedule, all other terms and conditions of the Loan Agreement, and of any document or instrument executed in connection with the Loan Agreement, remained unchanged and in full force and effect. The Loan Agreement, the Repayment Schedule and any other documents executed in conjunction the Permanent Loan shall hereinafter be referred to collectively as "Loan Documents".

7. Movant provided all consideration and performed all of the terms and conditions of the Loan Documents required to be performed by it.

8. The terms of the Loan Documents provide that a failure to make any payment of the indebtedness under the Loan Documents and such failure continues for ten (10) days after the payment first became due constitutes an event of default. On or about October 10, 2019, BRUNSWICK and Debtor failed to pay the installment due on said date and all subsequent installments that became due under the Loan Documents.

9. As of November 19, 2019, the balance due under the Loan Documents was in the amount of $812,800.63, consisting of the principal sum of $800,886.21 plus interest in the amount of $11,914.42.

10. To secure payment of the obligation set forth in the Loan Documents attached to the Declaration of Annie Kim as Exhibits "1" and "2" and pursuant to the terms of the security agreement included in the Exhibit "1" ("Security Agreement"), BRUNSWICK granted Movant a security interest in, and the proceeds of, the collateral described in the Security Agreement,

consisting of a blanket lien on BRUNSWICK's personal property ("Collateral"). Movant's security interest was perfected by filing of a UCC Financing Statement and the subsequent filing of a Continuation Statement. A true and correct copy of the filed UCC Financing Statement is attached to the Declaration of Annie Kim as Exhibit "3" and incorporated herein by this reference as though set forth in full. A true and correct copy of the filed Continuation Statement is attached to the Declaration of Annie Kim as Exhibit "4" and incorporated herein by this reference as though set forth in full.

**The Loan #2:**

11. On or about December 18, 2017, Movant and BRUNSWICK entered into a Small Business Loan Agreement ("Agreement") under which BRUNSWICK obtained a term loan in the principal amount of Two Hundred Seven Thousand Nine Hundred Thirty Eight and 66/100 Dollars ($207,938.66). BRUNSWICK agreed to repay said sums pursuant to the terms of the Agreement. A true and correct copy of the Agreement is attached to the Declaration of Annie Kim as Exhibit "5" and incorporated herein by this reference as though set forth in full.

12. To induce Movant to enter into the above referenced Agreement and extend credit to BRUNSWICK, on or about December 18, 2017, Debtor executed in writing a Guaranty of all of BRUNSWICK's indebtedness to Movant, existing at the time of execution of said Guaranty or thereafter (the "Second Guaranty"). The Second Guaranty is incorporated in the Exhibit "5" Agreement, beginning with page 15 thereof, and is incorporated herein by this reference as though set forth in full.

13. BRUNSWICK and Debtor defaulted under the Agreement and the Second Guaranty by failing to pay the installment due on November 18, 2019, and failing to cure said default.

14. As of November 19, 2019, the balance owing pursuant to the Agreement was the principal sum of $172,704.76 plus interest thereon in the amount of $14.34, for a total in the amount of $172,719.10.

15. To secure payment of the obligation set forth in the Agreement attached to the Declaration of Annie Kim as Exhibit "5" and pursuant to the terms of the security agreement included in the Exhibit "5" ("Second Security Agreement"), BRUNSWICK granted Movant a

security interest in, and the proceeds of, the collateral described in the Second Security Agreement, consisting of a blanket lien on BRUNSWICK's personal property ("Second Collateral"). Movant's security interest was perfected by filing of a UCC Financing Statement and the subsequent filing of a Continuation Statement, as set forth in paragraph 9 above.

**Debtor's Schedules:**

16. Debtor did not list the business personal property assets (the Collateral and the Second Collateral) in her Schedules, but listed her Guaranties of the Agreement and the Loan Agreement. True and correct copies of relevant portions of Debtor's Schedules are attached to the Declaration of Annie Kim collectively as Exhibit "6" and incorporated herein by this reference as though set forth in full. True and correct copies of relevant portions of BRUNSWICK's Schedules, wherein it valued the Collateral and Second Collateral at $133,512.53, are attached to the Declaration of Annie Kim collectively as Exhibit "7" and incorporated herein by this reference as though set forth in full.

17. There is therefore no equity in the Collateral for Debtor and the Estate.

18. Movant therefore respectfully requests that the Court grant its Motion for Relief from the Automatic Stay to allow Movant to exercise its state law remedies with regards to the Collateral.

## GROUNDS FOR RELIEF UNDER 11 U.S.C. § 362(d)

Cause for relief from the automatic stay under 11 U.S.C § 362(d)(1) exists because the interests of Movant in the Collateral are not adequately protected. The Agreement and Loan Agreement are in default and Movant is precluded from proceeding with its state law remedies due to Debtor's filing of the instant case. Movant has not been granted such other relief as will result in the realization of the indubitable equivalent of Movant's interest in the Collateral.

Moreover, cause for relief from the automatic stay under 11 U.S.C § 362(d)(2) exists because the Debtor and the Estate do not have any equity in, or title to, the Collateral and the Collateral is not necessary to an effective reorganization since this is a liquidation case.

Further, as set forth at length in the Memorandum of Points and Authorities filed and served concurrently herewith, at best, as a guarantor, Debtor has a possible right of redemption in the Collateral, but nothing more.

Lastly, waiver of the 14-day stay provided by FRBP 4001(a)(3) is proper in light of the depreciating nature of the Collateral.

WHEREFORE, it is respectfully requested that the Court issue an Order as follows:

1. Terminating the automatic stay of 11 U.S.C. § 362(a), effective immediately, to permit Movant and any agents, successors-in-interest and assignees to exercise any and all remedies under state law pertaining to the subject Collateral;

2. Waiving the 14-day stay provided by FRBP 4001(a)(3) in light of Debtor's lack of equity in, or title to, the Collateral, its depreciating nature and the lack of planned reorganization in this Chapter 7 case.

## CONCLUSION

Based upon the foregoing, Movant respectfully requests that this Court grant the motion for relief from the automatic stay.

Dated: December 5, 2019         HEMAR, ROUSSO & HEALD, LLP

/s/ *Raffi Khatchadourian*
By:_____
RAFFI KHATCHADOURIAN
Attorneys for Movant/Secured Creditor,
BANK OF AMERICA, N.A., a national association